UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

MICHAEL EARL RODRIGUEZ,

          Defendant.

---

15-mj-02956

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

The Court has received and reviewed the defense counsel's letter dated October 20, 2015. The letter seeks to re-open the defendant's September 22, 2015 detention hearing where the Court, sitting as the Part I Judge, found that there is currently no condition or combination of conditions that will reasonably assure the safety of other persons and the community.

Pursuant to 18 U.S.C. § 3142(f), the hearing can be reopened if the court finds that information exists that was not known to the defendant at the time of the hearing and that has a material bearing on the issue that was decided.

"'New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event.'" United States v. Ali, No. 12cr45S, 2012 WL 2921642, at *3 (W.D.N.Y. July 17, 2012) (Scott, M.J.) (quoting

United States v. Jerdine, No. 08cr00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009)); see also United States v. Rivera, No. 09cr619 (SJF), 2010 WL 1687069, at *3 (E.D.N.Y. Apr. 21, 2010). "Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened." Ali, 2012 WL 2921642, at *3 (citing United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989)).

The defense counsel's letter makes several points. First, counsel argues that he did not have sufficient time to review a Government submission, dated that day and handed to him shortly before the hearing by the Assistant United States Attorney, which consisted of a letter and a transcript of a conversation between the defendant and a third party. See Handwerker Ltr. at 1-2. Defense counsel argues that the submission is confusing because it identifies a person and perhaps two different people as Source of Information 1 ("SOI-1"). Defense counsel argues that, because the complaint also refers to a Source of Information 1, the transcript "is confusing in that it identified a person (perhaps 2 different people?) as SOI-1." Id. at 2. Finally, defense counsel reiterates his earlier argument that several factors weigh against continued pretrial detention of the defendant. Id. at 2-3.

The information the defendant presents in this letter is not new and does not have "a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the defendant] . . . and the safety of any other person and the community." 18 U.S.C. § 3142(f)(B).

While it was not ideal that defense counsel received the Government's submission only shortly before the hearing, the defense counsel noted at the hearing that he "reviewed [the submission] with the defendant," and the defense counsel advanced the same arguments at the hearing that he advances in his October 20 letter. See Sept. 22, 2015 Tr. at 4. For example, he argued at the hearing that the submission "speaks to a source of information that I believe may be someone different [from the person referenced in the complaint], and they're both called SOI-1." Id. "[I]t causes some confusion," defense counsel said. Id. at 5.

The Court noted that it was "a fair question that the SOI-1 in the complaint is the same as this SOI-1" and asked the Government to respond. Id. at 6. The Government said its September 22 submission "should be considered on its own separate and apart from the complaint," and that the Government "structured" the naming convention "this way intentionally because of concerns about these individuals' safety." Id. at 7. "No inference should be drawn one way or the other with regard

to whether these are the same individual, and the government has taken that approach purposefully given the concerns in this case." Id.  There were two separate statements by the defendant that supported the allegation of danger, and there were two separates proffers of the reliability of the sources to whom the statements were made.

The Court considered these arguments when it determined that there is, at present, no condition or combination of conditions which would reasonably assure the safety of the community if the defendant is released. See id. at 11-12.

Even considering everything in the defendant's letter *de novo*, there is nothing in the letter that changes the Court's conclusions.  The Government adequately explained whatever possible confusion arose related to the naming convention of the sources of information in the complaint and the submission, and the source of information in both was described as someone who is reliable and who has provided reliable information in the past. See id. at 9.  Aside from generally challenging the Court's determination, the defendant does not proffer evidence that the factors relied upon in ordering the defendant's detention have actually and materially changed.  Beyond that, he merely seeks to argue against the Court's previous determination.  Accordingly, re-opening the hearing is

4

unjustified.  See Ali, 2012 WL 2921642, at *3-4; Rivera, 2012 WL 4033373, at *3.

As the Court explained at the hearing, the defendant is free to raise these same issues with the Court to whom this case is assigned.

The application to re-open the Court's conclusions at the detention hearing is denied.

**SO ORDERED.**

**Dated:    New York, New York**
**October 26, 2015**                    _____/s/_____
                                         **John G. Koeltl**
                                         **United States District Judge**